13-988-cv
S.M. v. Taconic Hills Central School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fourteen.

Present:      AMALYA L. KEARSE,
              ROSEMARY S. POOLER,
              REENA RAGGI,
                        *Circuit Judges*.

_____

S.M., INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF F.M.,
A CHILD WITH A DISABILITY,

                        *Plaintiff-Appellant*,

              -v-                                             13-988-cv

TACONIC HILLS CENTRAL SCHOOL DISTRICT,

                        *Defendant-Appellee*.

_____

Appearing for Appellant:      Philip B. Abramowitz (Jason H. Sterne, Cuddy Law Firm, P.C., Auburn, N.Y., *on the brief*), Williamsville, N.Y.

Appearing for Appellee:       Karen S. Norlander, Girvin & Ferlazzo, P.C., Albany, N.Y.


Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

S.M., individually and on behalf of her son, F.M., appeals the February 28, 2013 order and judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), granting summary judgment to Taconic Hills Central School District ("Taconic") on various claims brought by S.M. under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

S.M. alleges various procedural deficiencies in the formation of F.M.'s Individualized Education Program ("IEP") for the 2010-11 school year. This IEP ultimately recommended placement of F.M. at Wildwood School ("Wildwood"), a non-public school for students with autism. The IDEA recognizes a procedural violation if, among other things, the procedures followed in forming the IEP "impeded the child's right to a free appropriate public education" or "significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate education to the parents' child." 20 U.S.C. § 1415(f)(3)(E)(ii)(I)–(II). First, S.M. argues that the absence of a representative from Wildwood at an August 31, 2010 meeting of Taconic's Committee on Special Education ("CSE") was procedural error, as New York regulations require the presence of such a representative "if the recommended placement is to be in a school operated by an agency or school other than the school district in which the student would normally attend if the student did not have a disability." N.Y. COMP. CODES R. & REGS. tit. 8, § 200.4(d)(4)(i)(a). Second, S.M. argues that the inability of Taconic to assure S.M. at the August 31 meeting that Wildwood would be able to implement the substantive aspects of the IEP deprived her of a meaningful opportunity to participate in the decisionmaking process that led to the formation of the IEP. We affirm the district court's determination that, given the presence of a Wildwood representative at an earlier CSE meeting on May 19, 2010, and S.M.'s knowledge that Taconic was considering recommending that F.M. be placed at Wildwood at least from this point, neither of these aspects of the procedure used to formulate F.M.'s IEP for 2010-11 resulted in the denial of F.M.'s right to a free appropriate public education, or F.M.'s parents' opportunity to participate in the decisionmaking process.

More significantly, S.M. challenges on procedural grounds the assignment of F.M. to Wildwood on the basis that Wildwood had no openings for the 2010-11 school year, and therefore could not admit F.M. for instruction. Taconic has conceded that this assignment constituted procedural error. However, Taconic argues that this error did not result in the denial of a free appropriate public education to F.M. This is because, Taconic argues, it was prepared to implement a "pendency" plan for F.M., offering the services laid out in a January 27, 2010 IEP. The implementation of this January IEP was, at the beginning of the 2010 school year, the subject of ongoing hearings pursuant to a complaint brought by S.M. in April of that year. The IDEA requires that "during the pendency of proceedings conducted pursuant [to the IDEA] . . . the child shall remain in the then-current educational placement of the child, unless the [school district] and the parents otherwise agree." 20 U.S.C. § 1415(j); *see also Mackey ex rel. Thomas M. v. Bd. of Ed. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004). We affirm the district court's determination that, despite Taconic's admitted procedural error, Taconic did not deny F.M. a free appropriate public education because, notwithstanding a May 28, 2010 letter in which Taconic's superintendent of schools stated that "we are unable to provide an appropriate program for this student," the record includes emails from the school principal on September 4 and 7, 2010, informing S.M. that Taconic was prepared by the first day of school, September 8,

2

2010, to implement the January IEP for the 2010-11 school year. *Cf. Murphy v. Arlington Cent. Sch. Dist. Bd. of Ed.*, 297 F.3d 195, 199–200 (2d Cir. 2002) (noting that the administrative process would be insufficient to protect students' rights under the IDEA if the student were ejected from his or her current placement during the pendency of the proceeding).

We have considered the rest of S.M.'s arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk